# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 21-2065V

Filed: December 18, 2024

```
* * * * * * * * * * * * *
ALTOYA FELDER-DEAS,            *
                               *
            Petitioner,        *
v.                             *
                               *
SECRETARY OF HEALTH            *
AND HUMAN SERVICES,            *
                               *
            Respondent.        *
                               *
* * * * * * * * * * * * *
```

*Diana Stadelnikas, Esq.*, MCTLaw, Sarasota, FL, for petitioner.
*Joseph Leavitt, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION AWARDING DAMAGES[1]

**Roth**, Special Master:

On October 26, 2021, Altoya Felder-Deas ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program,[2] alleging that she suffered Guillain-Barré Syndrome ("GBS") as a result of the influenza ("flu") vaccine she received on October 30, 2019. *See* Petition, ECF No. 1.

On March 27, 2023, respondent filed his Rule 4(c) Report, conceding that petitioner's claim met the Table criteria for GBS. Respondent's Report, ECF No. 23. Accordingly, on March 28, 2023, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF No. 25. Thereafter, the matter proceeded to the damages and was reassigned to the undersigned on June 21, 2023. ECF No. 33.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (1986). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On December 18, 2024, respondent filed a proffer agreeing to issue the following payment:

A. **A lump sum payment of $832,779.17,** representing compensation for life care expenses expected to be incurred during the first year after judgment ($94,051.34), lost earnings ($359,018.53), pain and suffering ($250,000.00), and past unreimbursable expenses ($129,709.30), **in the form of a check payable to petitioner, Altoya Felder-Deas;** and

B. An amount sufficient to purchase the annuity contract described in Section II.B of the proffer.

Proffer, ECF No. 59.

I adopt respondent's proffer attached hereto, and award compensation in the amount and on the terms set forth therein. The clerk of the court is directed to enter judgment in accordance with this decision.³

**IT IS SO ORDERED.**

<u>s/ Mindy Michaels Roth</u>
Mindy Michaels Roth
Special Master

---

³ Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

|  |  |
|---|---|
| ALTOYA FELDER-DEAS, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> SECRETARY OF HEALTH AND HUMAN ) <br> SERVICES, ) <br> ) <br> Respondent. ) <br> ) | No. 21-2065V <br> Chief Special Master Corcoran <br> ECF |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On October 26, 2021, Altoya Felder-Deas ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), as amended, alleging that she suffered Guillain-Barré Syndrome ("GBS") resulting from an influenza ("flu") vaccination she received on October 30, 2019. Petition at 1 (ECF No. 1). On March 27, 2023, the Secretary of Health and Human Services ("respondent") filed his Rule 4(c) Report conceding that petitioner's claim meets the Table criteria for GBS, which afford a petitioner a presumption of causation if the onset of GBS occurs within three and forty-two days after a seasonal flu vaccination. Respondent's Report (ECF No. 23). Accordingly, on March 28, 2023, the Chief Special Master issued a Ruling on Entitlement, finding that petitioner is entitled to vaccine compensation for GBS following the influenza vaccine she received on October 30, 2019. ECF No. 27.

**I.   Items of Compensation**

    A.   Life Care Items

Respondent engaged life care planner Laura E. Fox, MSN, BSN, RN, CNS, CLCP, and petitioner engaged life care planner, Lynne Trautwein, MSN, BSN, RN, CMAC, CNLCP, to

provide an estimation of petitioner's future vaccine-injury related needs. For the purposes of this proffer, the term "vaccine related" is as described in the respondent's Rule 4(c) Report. All items of compensation identified in respondent's life care plan are supported by the evidence, and are illustrated by the chart entitled Appendix A: Items of Compensation for Altoya Felder-Deas, attached hereto as Tab A. Respondent proffers that petitioner should be awarded all items of compensation set forth in respondent's life care plan and illustrated by the chart attached at Tab A.[1]  Petitioner agrees.

      B.      Lost Earnings

The parties agree that based upon the evidence of record, Altoya Felder-Deas has suffered past loss of earnings and will suffer future loss of earnings as a result of her vaccine-related injury. Therefore, respondent proffers that petitioner should be awarded lost earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A). Respondent proffers that the appropriate award for Altoya Felder-Deas's past and future lost earnings is $359,018.53. Petitioner agrees.

      C.      Pain and Suffering

Respondent proffers that petitioner should be awarded $250,000.00 in actual and projected pain and suffering. This amount reflects that any award for projected pain and suffering has been reduced to net present value. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

---

[1] The chart at Tab A illustrates the annual benefits provided by the life care plan. The annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

2

D.  Past Unreimbursable Expenses

Evidence supplied by petitioner documents her expenditure of past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $129,709.30. Petitioner agrees.

## II. Form of the Award

The parties recommend that the compensation provided to petitioner should be made through a combination of lump sum payments and future annuity payments as described below, and request that the Chief Special Master's decision and the Court's judgment award the following:[2]

A. A lump sum payment of $832,779.17, representing compensation for life care expenses expected to be incurred during the first year after judgment ($94,051.34), lost earnings ($359,018.53), pain and suffering ($250,000.00), and past unreimbursable expenses ($129,709.30) in the form of a check payable to petitioner, Altoya Felder-Deas.

B. An amount sufficient to purchase an annuity contract,[3] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan,

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

[3] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

The parties further agree that the annuity payments cannot be assigned, accelerated, deferred, increased, or decreased by the parties and that no part of any annuity payments called for herein, nor any assets of the United States or the annuity company, are subject to execution or any legal process for any obligation in any manner. Petitioner and petitioner's heirs, executors, administrators, successors, and assigns do hereby agree that they have no power or right to sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by

3

as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company[4] from which the annuity will be purchased.[5]  Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, Altoya Felder-Deas, only so long as petitioner is alive at the time a particular payment is due.  At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual, or other installments.  The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

1.   Growth Rate

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items.  Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity

---

assignment or otherwise, and further agree that they will not sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise.

[4] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

   a. A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

   b. Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

   c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

   d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

[5] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items.  Petitioner agrees.

        2.        <u>Life-contingent annuity</u>

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as he, Altoya Felder-Deas, is alive at the time that a particular payment is due.  Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Altoya Felder-Deas's death.

        3.        <u>Guardianship</u>

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

**III.**    **<u>Summary of Recommended Payments Following Judgment</u>**

    A. Lump Sum paid to petitioner, Altoya Felder-Deas:    **$832,779.17**

    B. An amount sufficient to purchase the annuity contract described above in section II.B.

                Respectfully submitted,

                BRIAN M. BOYNTON
                Principal Deputy Assistant Attorney General

                C. SALVATORE D'ALESSIO
                Director
                Torts Branch, Civil Division

                HEATHER L. PEARLMAN
                Deputy Director
                Torts Branch, Civil Division

                JULIA M. COLLISON
                Assistant Director
                Torts Branch, Civil Division

                s/*Joseph Leavitt*
                JOSEPH LEAVITT
                Trial Attorney
                Torts Branch, Civil Division
                U.S. Department of Justice
                P.O. Box 146
                Benjamin Franklin Station
                Washington, D.C. 20044-0146
                T: (202) 616-0515
                E: joseph.leavitt@usdoj.gov

Dated: December 18, 2024

Appendix A: Items of Compensation for Altoya Felder-Deas

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1<br>2024 | Compensation Year 2<br>2025 | Compensation Year 3<br>2026 | Compensation Year 4<br>2027 | Compensation Years 5-Life<br>2028-Life |
|---|---|---|---|---|---|---|---|---|
| Medicare Part B Premium | 5% | | | 2,096.40 | | | | |
| Medicare Advantage Maximum Out of Pocket | 5% | | | 7,900.00 | | | | |
| Medicare Supplement G Premium | 5% | | M | | 1,488.00 | 1,488.00 | 1,488.00 | 1,488.00 |
| Medicare Part B Deductible | 5% | | | | 240.00 | 240.00 | 240.00 | 240.00 |
| Medicare Part D | 5% | | M | | 1,973.32 | 1,973.32 | 1,973.32 | 1,973.32 |
| Neurology | 5% | * | | | | | | |
| Pain Management | 5% | * | | | | | | |
| Urology | 5% | * | | | | | | |
| Pulmonology | 5% | * | | | | | | |
| Nephrology | 5% | * | | | | | | |
| Counseling | 4% | * | | | | | | |
| Case Management | 4% | | M | 2,580.00 | 1,290.00 | 1,290.00 | 1,290.00 | 1,290.00 |
| Lyrica | 5% | * | | | | | | |
| Tramadol | 5% | * | | | | | | |
| Colace | 4% | | | 170.34 | 170.34 | 170.34 | 170.34 | 170.34 |
| Fleet Enema | 4% | | | 452.60 | 452.60 | 452.60 | 452.60 | 452.60 |
| Duloxetine | 4% | * | | | | | | |
| Gentramycin | 4% | * | | | | | | |
| Physical Therapy | 4% | * | | | | | | |
| Physical Therapy Evaluation | 4% | * | | | | | | |
| Electric Wheelchair | 4% | * | | | | | | |
| Electric Wheelchair Maintenance | 4% | * | | | | | | |
| Manual Wheelchair | 4% | | | 600.00 | 60.00 | 60.00 | 60.00 | 60.00 |
| Shower Wheelchair/Bedside Commode | 4% | | | 204.00 | 20.40 | 20.40 | 20.40 | 20.40 |
| Adjustable Bed | 4% | * | | | | | | |
| Hospital Bedside Table | 4% | | | | | | 53.00 | 10.60 |
| Lift Chair | 4% | * | | 80.00 | 80.00 | 80.00 | 80.00 | 80.00 |
| Walker | 4% | | | 13.00 | 13.00 | 13.00 | 13.00 | 13.00 |
| Leg Braces | 4% | * | | | | | | |
| Adaptive Devices | 4% | | | 200.00 | 100.00 | 100.00 | 100.00 | 100.00 |
| Hoyer Lift | 4% | * | | | | | | |

Appendix A: Items of Compensation for Altoya Felder-Deas  Page 2 of 2

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 2024 | Compensation Year 2 2025 | Compensation Year 3 2026 | Compensation Year 4 2027 | Compensation Years 5-Life 2028-Life |
|---|---|---|---|---|---|---|---|---|
| Slings | 4% | | | 122.00 | 122.00 | 122.00 | 122.00 | 122.00 |
| Hoyer Lift Maintenance | 4% | * | | | | | | |
| Medical Alert | 4% | | | 372.00 | 372.00 | 372.00 | 372.00 | 372.00 |
| Washable Incontinence Pads | 4% | | | 90.00 | 90.00 | 90.00 | 90.00 | 90.00 |
| Wipes | 4% | | | 255.00 | 255.00 | 255.00 | 255.00 | 255.00 |
| Bed Pan | 4% | | | 36.00 | 36.00 | 36.00 | 36.00 | 36.00 |
| Personal Care Attendant | 4% | | M | 40,880.00 | 40,880.00 | 40,880.00 | 40,880.00 | 40,880.00 |
| Wheelchair Accessible Van | 4% | | | 38,000.00 | 3,800.00 | 3,800.00 | 3,800.00 | 3,800.00 |
| Lost Earnings | | | | 359,018.53 | | | | |
| Pain and Suffering | | | | 250,000.00 | | | | |
| Past Unreimbursable Expenses | | | | 129,709.30 | | | | |
| Annual Totals | | | | 832,779.17 | 51,442.66 | 51,442.66 | 51,495.66 | 51,453.26 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($94,051.34), lost earnings ($359,018.53), pain and suffering ($250,000.00), and past unreimbursable expenses ($129,709.30): $832,779.17.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.