# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 21-2065V
Filed: October 29, 2025

```
* * * * * * * * * * * * *   *
ALTOYA FELDER-DEAS,              *
                                *
            Petitioner,         *
v.                              *
                                *
SECRETARY OF HEALTH             *
AND HUMAN SERVICES,             *
                                *
            Respondent.         *
* * * * * * * * * * * *   *   *
```

*Diana L. Stadelnikas, Esq.*, Mctlaw, Sarasota, FL, for petitioner.
*Joseph D. Leavitt, Esq*., U.S. Department of Justice, Washington, D.C., for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On October 26, 2021, Altoya Felder-Deas filed a petition for compensation under the National Vaccine Injury Compensation Program,[2] alleging that she suffered Guillain-Barré Syndrome ("GBS") as a result of the influenza ("flu") vaccine she received on October 30, 2019. *See* Petition, ECF No. 1.

On March 27, 2023, respondent filed his Rule 4(c) Report, conceding that petitioner's claim met the Table criteria for GBS. Respondent's Report, ECF No. 23. Accordingly, on March 28, 2023, the Chief Special Master issued a Ruling on Entitlement, finding petitioner entitled to compensation. ECF No. 25. Thereafter, the matter proceeded to the damages and was reassigned to the undersigned on June 21, 2023. ECF No. 33.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned finds that the identified material fits within this definition, such material will be redacted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

The parties successfully resolved damages, and a decision adopting the proffer issued on December 18, 2024. ECF No. 60.

Petitioner filed the present Motion for Attorneys' Fees and Costs on June 30, 2025. Petitioner requests a total of **$256,045.54,** representing $238,180.40 in attorneys' fees and $17,865.14 in costs. Motion for Fees, ECF No. 65. Respondent filed his response on July 11, 2025, noting he was satisfied that the statutory requirements for an award of attorneys' fees was met. ECF No. 66. Petitioner filed a reply on July 14, 2025. ECF No. 67.

For the reasons set forth below, petitioner's Motion for Fees is **GRANTED**.

## I.        Legal Framework

The Vaccine Act permits an award of reasonable attorneys' fees and other costs. § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, petitioner's counsel is automatically entitled to reasonable attorneys' fees. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1).

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fee" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id.* at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id*.

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

## II.        Discussion

### A. Reasonable Hourly Rates

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Hum. Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorneys' fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum

2

jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id*. This is known as the *Davis County* exception. *Hall v. Sec'y of Health & Hum. Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

Petitioner requests the following rates on behalf of her counsel:

| Name | 2020 | 2021 | 2022 | 2023 | 2024 | 2025 |
|---|---|---|---|---|---|---|
| Alison Haskins | / | $440 | $460 | $492 | / | / |
| Altom Maglio | $420 | $445 | / | / | / | / |
| Danielle Strait | / | / | / | $450 | $480 | / |
| Diana Stadelnikas | / | / | / | $525 | $560 | $605 |
| Paralegals | $145-160 | $155-165 | $160-170 | $170-180 | $190 | $205 |

Motion for Fees at 9-98.

The requested rates are consistent with what the attorneys and paralegals at mctlaw have been awarded in prior cases. *See, e.g., B.T. v. Sec'y of Health & Human Servs.*, No. 21-1213V, 2025 WL 1836291, at *3 (Fed. Cl. Spec. Mstr. June 2, 2025); *Huerta v. Sec'y of Health & Human Servs.*, No. 21-2100V, 2024 WL 1859820, *2-4 (Fed. Cl. Spec. Mstr. Apr. 4, 2024). Accordingly, the requested rates are reasonable.

## C.    Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Hum. Servs.*, 129 Fed. Cl. 691, 703 (2016).

---

[3] The 2015-2025 Fee Schedules can be accessed at https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-923V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal. *O'Neill v. Sec'y of Health & Hum. Servs.*, No. 08-243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Hum. Servs.*, No. 08-756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Hum. Servs.*, No 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728-29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Hum. Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

Upon review of the billing records, the entries adequately describe the work performed, and the time billed corresponds with that work. I have not found any entries to be objectionable, nor has respondent raised any specific objection. Thus, the hours spent on this matter are reasonable, and the requested fees are awarded in full. Motion for Fees at 9-98.

**D.      Reasonable Costs**

Petitioner requests a total of $17,865.14 in costs. Some of the costs are associated with medical records requests, copies, postage, and the filing fee. Motion for Fees at 99-357. These costs are routinely awarded in vaccine cases and are supported by the receipts filed. Thus, they are awarded in full.

The remaining costs are associated with petitioner's life care planner. Petitioner's life care planner, Lynne Trautwein, charged at an hourly rate of $175 for 41.1 hours of work in this matter. Motion for Fees at 258-59, 320. The hourly rate is consistent with what she has been awarded in the past. *See Zeisler v. Sec'y of Health & Human Servs.*, No. 21-1184V, 2024 WL 4044005, *3 (Fed. Cl. Spec. Mstr. May 22, 2024). However, the invoice itself is a single line item for 41.1 hours with no indication as to how any of that time was spent. Generally, block billing is insufficient because it does not allow for review of the reasonableness of the time spent. However, in this specific circumstance, the attorney billing records are detailed enough to allow the undersigned to assess the reasonableness of the life care planner's time. According to the attorney billing records, the life care planner reviewed records, visited petitioner, and prepared the life care plan. Motion for Fees at 103. The billing records show extensive correspondence between counsel and Ms. Trautwein regarding the life care plan, petitioner's health insurance policy, petitioner's hospitalization in 2023, and sequelae of petitioner's vaccine injury. *Id*. at 64, 67-69, 73-74, 78-79. Ms. Trautwein also submitted an invoice for travel expenses from her visit with petitioner, which was supported by the receipts filed. *Id*. at 285-95. I find the overall amount requested on behalf of the life care planner to be reasonable, and respondent did not raise any objection to the request. For these reasons, I will award the costs associated with the life care planner in full. However, counsel is cautioned that this is a one-time courtesy, and they must ensure their experts submit

detailed invoices in the future or face substantial reductions. The Court should not have to do a line-by-line analysis of the attorney billing records to glean information that should be contained in the life care planner's invoice.

### IV. Conclusion

Based on the foregoing, petitioner's Motion for Attorneys' Fees and Costs is **GRANTED.** Accordingly, I award a total of **$256,045.54,** representing $238,180.40 in attorneys' fees and $17,865.14 in costs, **to be paid through an ACH deposit to petitioner's counsel Ms. Stadelnikas' IOLTA account for prompt disbursement.** The clerk shall enter judgment accordingly.[4]

**IT IS SO ORDERED.**

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.